**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4749**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELONTRAE ALI GLENN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:18-cr-00208-MGL-1)

Submitted: March 19, 2019                                   Decided:  April 3, 2019

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Alyssa L. Richardson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elontrae Ali Glenn pled guilty to one count of possession of firearms and ammunition by a felon in violation of 18 U.S.C. § 922(g) (2012). On appeal, he contends that the district court erred in in applying a two-level enhancement to his sentence pursuant to U.S. Sentencing Guidelines Manual § 3C1.2 (2016) for reckless endangerment during flight. We affirm.

We review a sentence under a deferential abuse-of-discretion standard, first looking to whether the district court committed a significant procedural error such as improperly calculating the Guidelines range. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (citations omitted). When evaluating a challenge to a sentencing enhancement, we review the district court's factual findings for clear error and legal conclusions de novo. *Id.*

Glenn asserts that imposition of the two-level enhancement amounts to double counting because his conduct in fleeing from police was already accounted for in a four-level increase applied under USSG § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense. *See* USSG § 3C1.2 cmt. n.1 (prohibiting application of enhancement where a Chapter Two enhancement results in an equivalent or greater increase in offense level based solely on the same conduct). Although Glenn's high-speed flight from police that prompted the reckless endangerment enhancement occurred in the course of a series of actions taken by Glenn, we conclude that the district court correctly determined that the two enhancements addressed different conduct. The felony offenses cited in the four-level § 2K2.1(b)(6)(B) enhancement, specifically

2

breaking into a motor vehicle/theft, failure to stop for a blue light, and aggravated assault, addressed conduct separate from Glenn's 17-mile high-speed flight from police. We therefore find that both enhancements were properly applied.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*